IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Deniel Campbell, | ) | Case No.: 0:23-cv-1592-JD-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Warden Janson, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 19.) Petitioner Deniel Campbell ("Petitioner" or "Campbell") is a prisoner in the custody of the Federal Bureau of Prisons (BOP). Campbell, proceeding *pro se*, filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 against Respondent Warden Janson ("Respondent" or "Warden"), alleging BOP took 61 days of "good time" instead of the sanctioned 27 days. (DE 1, p. 8)

On June 21, 2023, Respondent filed a Motion to Dismiss, or in the alternative, for Summary Judgment, arguing (1) Petitioner failed to exhaust his administrative remedies; and (2) Petitioner's good credit time calculation is correct. (DE 11 pp. 4-7.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the motion. (DE 12.) Despite the specific warning and instructions set forth in the court's Roseboro order, the

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Petitioner failed to respond to the motion. As the Petitioner is proceeding *pro se*, the court filed a second order on July 28, 2023, advising the Petitioner that it appeared to the court that he was not opposing the motion and wished to abandon this action and giving the Petitioner an additional fourteen (14) days in which to file his response to the Respondent's motion. (DE 15.) The Petitioner failed to respond.

The Report was issued on August 17, 2023, recommending that the action be dismissed with prejudice for lack of prosecution. (DE 19.) Petitioner has not filed an objection to the Report. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds that there is no clear error on the face of the record. Therefore, the Court adopts the Report (DE 19) and incorporates it herein by reference.

It is, therefore, **ORDERED** that Campbell's Petition is dismissed with prejudice for lack of prosecution. Further, it is **ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
September 28, 2023

**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.